Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
332 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432

Attorneys for Plaintiff,
DONALD WROTEN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WROTEN, an individual,<br><br>Plaintiff,<br>v.<br><br>PACIFIC GULF MARINE, INC., a Louisiana corporation, licensed to do business in California; ANDREW CENTALA, an individual, California resident; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.:** CV 11-00197 SI<br><br>**JOINT STIPULATION REGARDING FILING OF A FIRST AMENDED COMPLAINT IN THE MATTER OF DONALD WROTEN V. PACIFIC GULF MARINE, INC. AND ANDREW CENTALA;**<br>**[PROPOSED] ORDER** |

The above-named parties, by and through their respective counsel, hereby agree and stipulate as follows:

1.     Parties agree to a filing of Plaintiff's First Amended Complaint alleging a cause of action for Constructive Termination by April 29, 2011.

2.     Defendants will be deemed to have been served formally upon filing of Plaintiff's First Amended Complaint.

3.     Defendants will file a responsive pleading to Plaintiff's First Amended Complaint no later than May 20, 2011.

4.     Plaintiff's First Amended Complaint is attached herewith as Exhibit A.

1

2     **IT IS SO STIPULATED.**

3

4 Dated: _4/29/11_                 Law Offices of Daniel Feder

5

6

7                                DANIEL L. FEDER

8                                Attorneys for Plaintiff,
DONALD WROTEN

9

10 Dated: _4-28-11_                  HANSON BRIDGETT LLP

11

12

13                                MOLLY LEE
Attorneys for Defendants,
PGM and CENTALA

14

15

16     **IT IS SO ORDERED.**

17

18 Dated: _5/2/11_

19

20

21                                Hon. Susan Illston
United States District Judge

22

23

24

25

26

27

28

**EXHIBIT** _____ A _____

Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
332 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432

Attorneys for Plaintiff,
DONALD WROTEN

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

### [DIVERSITY JURISDICTION]

| | |
|---|---|
| DONALD WROTEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC-GULF MARINE, INC., a Louisiana corporation, licensed to do business in California; ANDREW CENTALA, an individual, California resident; and DOES 1-50, inclusive,<br><br>Defendants. | **Case No.:** CV 11-00197 SI<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. Age and/or Disability Harassment in Violation of FEHA;<br>2. Hostile Work Environment in Violation of FEHA;<br>3. Age and/or Disability Discrimination in Violation of FEHA;<br>4. Retaliation;<br>5. Failure to prevent harassment, discrimination, and/or retaliation in Violation of FEHA;<br>6. Failure to Engage in Interactive Process;<br>7. Failure to Accommodate;<br>8. Wrongful Termination in Violation of Public Policy;<br>9. Wrongful Termination in Violation of FEHA;<br>10. Intentional Infliction of Emotional Distress;<br>11. Unjust enrichment;<br>12. Constructive Termination.<br><br>**REQUEST FOR PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1   **Plaintiff alleges:**

2                                  **PARTIES**

3   1.   Plaintiff DONALD WROTEN ("Plaintiff") is an individual adult male, residing in California.

4        At all times relevant herein Plaintiff was employed by Pacific Gulf Marine, Inc., as a 3rd

5        Assistant Engineer on M/V Cape Henry.

6   2.   At all times relevant hereto, Defendant PACIFIC-GULF MARINE, INC. ("Corporate

7        Defendant" or "PGM") is a Louisiana corporation lawfully doing business in California.

8        Defendant operates and manages vessels throughout the greater Bay Area, including M/V Cape

9        Henry moored at Pier 96 in the San Francisco harbor.  PGM maintains an office, located at 2433

10       Mariner Square Loop, Suite 211, Alameda, California.

11  3.   At all times relevant hereto, Defendant ANDREW CENTALA ("Defendant" or "CENTALA")

12       was the Chief Engineer of M/V Cape Henry and was Plaintiff's direct supervisor at all times

13       relevant herein.  Defendant CENTALA is an adult male and a resident of California.

14  4.   Plaintiff is ignorant of the true names and capacities of the defendants who are sued herein as

15       DOES 1 - 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff

16       will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

17       informed and believes, and thereon alleges, that each of said fictitiously named defendants is

18       responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as

19       herein alleged were proximately caused by such unlawful conduct.

20  5.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all

21       times relevant herein, were the agents and employees of their co-defendants, and in doing the

22       things alleged in this complaint were acting in the course and scope of such agency and

23       employment.  Defendants, and each of them, are the employers of the managers and supervisors

24       herein complained of, and supervising over Plaintiff, and therefore Defendants, and each of

25       them, are liable for the discriminatory and harassing acts conducted by their agents, employees

26       and supervisors, under the theory of Respondeat Superior.

27

28

## JURISDICTION & VENUE

6.  Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and Housing Act, California Government Code §§ 12940, et seq. (hereinafter "FEHA"); California Constitution, Article I, §1; and other common and statutory laws.

7.  At all times relevant hereto, Plaintiff was considered an "employee" within the meaning of FEHA.

8.  The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

9.  At all times set forth herein, Defendant PGM employed five (5) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is otherwise subject to the provisions of FEHA and other applicable laws.

10. At all times relevant hereto, Defendant PGM is and at all times relevant hereto, has been, an "employer" as defined by FEHA.

11. Jurisdiction is proper pursuant to California Code of Civil Procedure §410.10 and/or 28 U.S.C. §1333.

12. Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and evidence relevant to this case are located in the San Francisco County, California.

13. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendants, and each of them, suffer no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if he was required to file in an alternative forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

14. State policy favors jurisdiction in San Francisco County, California because the State of California has a policy of protecting California residents and ensuring the applicability of FEHA, and other applicable California laws.

15. Venue is proper in this Court because the acts and events set forth in this Complaint occurred in whole or in part in the San Francisco County, California; and because Plaintiff's place of employment with Defendants, and each of them, was located in the San Francisco, City and County, California.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

17. Plaintiff, an adult male, was born on March 23, 1942.

18. Plaintiff began his employment with Pacific Gulf Marine in or about August 2005 as a 3rd Assistant Engineer.

19. Plaintiff worked aboard the M/V Cape Henry moored in San Francisco County, until he was terminated on December 11, 2009.

20. Defendant PGM operated and managed a vessel M/V Cape Henry, which was moored at Pier 96, in the San Francisco harbor.

21. At all times relevant hereto, Defendant CENTALA was employed by PGM as Chief Engineer of the M/V Cape Henry.

22. Throughout his employment, Plaintiff's job performance was excellent: he earned raises and received satisfactory performance reviews from his superiors.

23. On or about November 4, 2008, Plaintiff suffered a stroke. Before allowing Plaintiff to return to work, Defendant PGM required that Plaintiff undergo a series of medical evaluations and tests.

24. Plaintiff returned to work on or about October 2009, after completing and passing all of the medical requirements.

25. On or about Mid-November 2009, Defendant CENTALA, in the presence of Jason Foss (recently hired 1st Engineer) told to Plaintiff that "he was not the man he used to be."

26. Defendant CENTALA also told Plaintiff that he didn't want him going to sea, because of fear of injury to himself and others.

27. Defendant CENTALA told Plaintiff he believed that Plaintiff couldn't keep up with the workload

1    at sea.  CENTALA together with Foss, spoke and agreed that they wanted a younger, more fit,

2    officer in Plaintiff's position.

3    28.  Defendant CENTALA stated that he didn't want to fire him but wanted to arrange for a transfer

4    to another company operated ship in the area.

5    29.  On or about December 1, 2009, Plaintiff put in a request to use his accrued vacation hours.  This

6    request was recommended for approval by the vessel's Senior Officer on or about December 2,

7    2009.  The vacation was scheduled to start on the date of the final approval of the vacation and

8    last 25 days.  Plaintiff had never taken a vacation since he began working aboard the ship and

9    had the 25 days of paid leave accrued.

10   30.  On or about December 11, 2009, Plaintiff was asked into the Chief Engineer's quarters and was

11   confronted with PGM's decision on his future with the ship.  CENTALA repeated his comments

12   about Plaintiff not being the man he was before the stroke and that his age was a concern for the

13   company.

14   31.  Defendant CENTALA forced Plaintiff to sign a waiver of his rights to all accrued vacation, by

15   stating that he would be terminated immediately if he refused.  After Plaintiff signed the waiver,

16   he was told that he is terminated effective immediately because the company has instructed him

17   so.

18   32.  Plaintiff was terminated without any warning or process available to other employees prior to

19   termination.

20   33.  Immediately after he was terminated, Plaintiff was forced to leave the ship, which was his

21   residence at the time.  This occurred in the middle of a rainy, December night. Plaintiff had

22   nowhere to go, as his home was in Shasta County.

23   34.  Plaintiff is informed and believes that Defendants, and each of them, ratified, supported,

24   encouraged, and/or ordered the behavior of each of the other Defendants, and each of them, and

25   that Defendants, and each of them, were operating in the course and scope of their agency with

26   and of the other Defendants, and each of them, at the time they committed each of the acts

27   alleged above.

28

35. As a result of the above-mentioned incidents of retaliation and otherwise unlawful and outrageous conduct, Plaintiff has suffered economic damages and severe and pervasive emotional distress and will present evidence of the same at trial in this action.

## ADMINISTRATIVE PREREQUISITE

36. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") against Defendants, and each of them. Timely, Plaintiff received a right-to-sue letter from the DFEH against each and every defendant.

## FIRST CAUSE OF ACTION
HARASSMENT IN VIOLATION OF GOV'T CODE §12940, et seq.
**[Against All Defendants]**

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

38. The FEHA requires employer defendants to refrain from harassing an employee on the basis of his protected characteristics *inter alia* age, disability, and/or perceived disability. Defendants made numerous unwelcome and harassing statements directed at Plaintiff's protected characteristics including age, disability, and/or perceived disability.

39. As a direct, proximate, and foreseeable result of Defendants' acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to his career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

40. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive

1    damages in an amount sufficient to punish Defendants, and each of them, in an amount to be

2    proven in trial.

3    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

4    below.

5                          **SECOND CAUSE OF ACTION**
                    HOSTILE WORK ENVIRONMENT IN VIOLATION OF
6                          GOV'T CODE §12940, et seq.
7                          **[Against All Defendants]**

8    41.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in

9         this complaint as though fully set forth herein.

10   42.  Plaintiff was subjected to unwelcome harassment, as alleged *supra* and incorporated herein by

11        reference.  The harassment was based on disability, perceived disability, and/or age.

12   43.  The harassment was severe enough or sufficiently pervasive as to alter the conditions of the

13        Plaintiff's employment and create an abusive working environment, eventually culminating in

14        Plaintiff's termination.  Plaintiff considered the environment to be hostile and/or abusive.

15   44.  Since the unwelcome conduct was carried out by Defendant CENTALA, an Officer on M/V

16        Henry, it was therefore known or should have been known to the employer Defendant PGM.

17        Further, no remedial action was taken.

18   45.  As a direct, proximate, and foreseeable result of Defendants' acts and/or failures to act, as

19        alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and

20        employment benefits, injury to his career and reputation, and extreme and enduring emotional

21        distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and

22        discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum

23        jurisdiction of this court, the precise amount to be proven at trial.

24   46.  Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with

25        the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive

26        amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary

27        and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by

28

1   supervising employees acting in a deliberate, callous and intentional manner in order to injure

2   and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive

3   damages in an amount sufficient to punish Defendants, and each of them, in an amount to be

4   proven in trial.

5   WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

6   below.

7   ### **THIRD CAUSE OF ACTION**
DISCRIMINATION IN VIOLATION OF GOV'T CODE §12940, et seq.

8   **[Against Defendant PGM]**

9   47.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in

10       this complaint as though fully set forth herein.

11   48.   The FEHA requires defendants to refrain from discrimination against an employee on the basis

12       of his age, disability, and/or perceived disability.  Defendants made numerous decisions which

13       adversely affected Plaintiff in regards to the terms, conditions and privileges of employment

14       culminating in his termination, all on the basis of his age, disability, or perceived disability.

15   49.   As a direct, proximate, and foreseeable result of Defendants' acts and/or failures to act, as

16       alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and

17       employment benefits, injury to his career and reputation, and extreme and enduring emotional

18       distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and

19       discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum

20       jurisdiction of this court, the precise amount to be proven at trial.

21   50.   Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with

22       the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive

23       amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary

24       and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by

25       supervising employees acting in a deliberate, callous and intentional manner in order to injure

26       and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive

27       damages in an amount sufficient to punish Defendants, and each of them, in an amount to be

28

1    proven in trial.

2    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

3    below.

## FOURTH CAUSE OF ACTION
RETALIATION IN VIOLATION OF CFRA
**[Against Defendant PGM]**

51.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

52.  At all times relevant hereto, Defendant PGM was an employer covered by CFRA and Plaintiff was an employee eligible to take CFRA leave.

53.  CFRA makes it unlawful for any employer to take adverse employment action against an employee for exercising their right to a leave of absence.  Plaintiff exercised his CFRA right to take a leave for a serious health condition (stroke).  Defendant retaliated agasint Plaintiff by terminating his employment.

54.  Plaintiff is informed and believes, and thereon alleges, that Defendant PGM terminated him without justifiable cause and/or without a reasonable business interest in terminating his position.

55.  As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

56.  Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount

1    to be proven in trial.

2    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

3    below.

4                              **FIFTH CAUSE OF ACTION**
         FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND/OR
5        RETALIATION IN VIOLATION OF GOV'T CODE 12940, et seq.
                        **[Against Defendant PGM]**
6

7    57.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in

8         this complaint as though fully set forth herein.

9    58.  At all times mentioned herein, Defendant PGM was prohibited by California Government Code

10        §12940, et seq., among other California statutes, from failing to take all reasonable steps

11        necessary to prevent discrimination, harassment, and/or retaliation from occurring.

12   59.  Plaintiff is informed and believes, and thereon alleges, that Defendant PGM failed to act and/or

13        to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

14   60.  As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury,

15        damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment,

16        severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage

17        which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven

18        at trial.

19   61.  Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and

20        oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and

21        evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award

22        of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were

23        carried out by supervising employees acting in a deliberate, callous and intentional manner in

24        order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for

25        punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount

26        to be proven in trial.

27   WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

28   below.

## SIXTH CAUSE OF ACTION
FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF
GOV'T CODE §12940, et seq.
**[Against Defendant PGM]**

62. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

63. At all times mentioned herein, Defendant PGM, was required under California Government Code §12940, et seq., among other California statutes, to engage in an interactive dialogue with all qualified, disabled employees, designed to find ways to reasonably accommodate said employees' disabilities in the workplace (the "interactive process").

64. As stated *supra*, Defendants, and each of them, knew or should have known that Plaintiff had a "physical disability" or perceived him as disabled.

65. Plaintiff was a qualified disabled employee and asked to be accommodated for his "physical disability." Accordingly, Defendants, and each of them, were required to engage in the interactive process with Plaintiff.

66. Defendants, and each of them, failed to engage in the interactive process with Plaintiff in Violation of California Government Code §12940(n). Instead, Defendants, and each of them, subjected Plaintiff to pervasive harassment and discrimination as alleged *supra*.

67. As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

68. Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for

1    punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount

2    to be proven in trial.

3    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

4       below.

## SIXTH CAUSE OF ACTION
### FAILURE TO ACCOMMODATE IN VIOLATION OF
### GOV'T CODE §12940, et seq.
### [Against Defendant PGM]

69.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in
     this complaint as though fully set forth herein.

70.  At all times mentioned herein, Defendant PGM, and/or DOES 1-50, and each of them, were
     required under California Government Code §12940, et seq., to make reasonable accommodation
     ("reasonable accommodation") for qualifying employees' disabilities to enable them to perform
     the position's essential functions.

71.  As stated *supra*, Defendants, and each of them, knew or should have known that Plaintiff had a
     "physical disability" or perceived him as having a disability.

72.  Defendant PGM failed to accommodate Plaintiff, instead terminating his employment without
     any warning.

73.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them,
     terminated his without justifiable cause and/or without a reasonable business interest.

74.  Plaintiff is informed and believes, and thereon alleges, that making a reasonable accommodation
     would not produce undue hardship to Defendants, and each of them.

75.  As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury,
     damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment,
     severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage
     which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven
     at trial.

76.  Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and
     oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and

evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## EIGHTH CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF
FEHA AND/OR CFRA
**[Against Defendant PGM]**

77. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

78. At all times relevant hereto, Defendant PGM was an employer covered by CFRA and Plaintiff was an employee eligible to take CFRA leave. Plaintiff exercised his CFRA right to take a leave for a serious health condition (stroke).

79. The FEHA prohibits workplace discrimination based on an employee age, disability, and/or perceived disability. Defendants terminated Plaintiff because of his age, disability (stroke/age), and/or perceived disability (stroke/age). Accordingly, Defendants, and each of them, violated California law when they terminated Plaintiff.

80. The CFRA prohibits employers from taking adverse action against an employee for exercising his CFRA rights. Plaintiff exercised his rights when he took a leave of absence to recuperate from a stroke. Defendant PGM was aware and approved the leave. Plaintiff suffered adverse employment action as result of his leave of absence—termination. Accordingly, Defendants, and each of them, violated California law when they terminated Plaintiff.

81. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, terminated his without justifiable cause and/or without a reasonable business interest, but in violation of CFRA and/or FEHA.

82. As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

83. Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## NINTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [Against Defendant PGM]

84. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

85. California has a fundamental, substantial, and well-established public policy, as expressed in FEHA, against the harassment and discrimination of individuals based on their age, disability, and/or perceived disability. Furthermore, California also has a fundamental, substantial, and well-established public policy, as expressed in CFRA, that an employee may take a leave of absence from work, for a serious health condition, and may not be retaliated against. Defendants, and each of them, violated California's fundamental public policy when they terminated Plaintiff.

86. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them,

1   terminated his without justifiable cause and/or without a reasonable business interest, but in

2   retaliation for his leave of absence and/or in discrimination in violation of FEHA.

3   87.   As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury,

4   damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment,

5   severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage

6   which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven

7   at trial.

8   88.   Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and

9   oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and

10   evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award

11   of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were

12   carried out by supervising employees acting in a deliberate, callous and intentional manner in

13   order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for

14   punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount

15   to be proven in trial.

16   WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

17   below.

18                    **TENTH CAUSE OF ACTION**
         INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
19                       **[Against All Defendants]**

20   89.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in

21   this complaint as though fully set forth herein.

22   90.   Defendants CENTALA and PGM engaged in outrageous conduct, with the intent to cause or

23   reckless disregard of the probability of causing emotional distress, as alleged *supra* and

24   incorporated herein by reference.

25   91.   As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury,

26   damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment,

27   severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage

28

---

*Wroten v. Pacific-Gulf Marine, et al.*                    15                    **FIRST AMENDED COMPLAINT**
Case No.: CV 11-00197 SI

1   which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven

2   at trial.

3   92.   Defendants', and each of their, conduct was intentional and malicious, and done for the purpose

4   of causing Plaintiff to suffer severe, substantial and enduring humiliation, mental anguish, and

5   emotional and physical distress.  Alternatively, Defendants, and each of them, acted with

6   reckless disregard of the probability that their harassing and discriminating conduct, alleged

7   above and incorporated herein by reference, would in fact cause Plaintiff to suffer humiliation,

8   mental anguish, and emotional and physical distress.  Further, Defendants', and all of their,

9   conduct in confirming and ratifying the original discriminatory conduct, without redress of any

10   kind, was done with the knowledge that Plaintiff's emotional and physical distress would thereby

11   increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

12   93.   Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and

13   oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and

14   evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award

15   of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were

16   carried out by supervising employees acting in a deliberate, callous and intentional manner in

17   order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for

18   punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount

19   to be proven in trial.

20   WHEREFORE, Plaintiff prays for exemplary and punitive damages and judgment as hereinafter set

21   forth.

22   ### ELEVENTH CAUSE OF ACTION
UNJUST ENRICHMENT

23   **[Against Defendant PGM]**

24   94.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in

25   this complaint as though fully set forth herein.

26   95.   By failing to allow Plaintiff to take his accrued vacation and/or failing to pay plaintiff upon

27   termination, Defendants were unjustly enriched at Plaintiff's expense.

28

---

*Wroten v. Pacific-Gulf Marine, et al.*                    16                    **FIRST AMENDED COMPLAINT**
**Case No.: CV 11-00197 SI**

1   96.   As a direct and proximate result, Plaintiff suffered damages.  The interests of equity require that

2         Defendants pay restitution and penalties for violation the Labor Code.

3   WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

4                               **TWELFTH CAUSE OF ACTION**
                                CONSTRUCTIVE TERMINATION
5                                **[Against Defendant PGM]**

6   97.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in

7         this complaint as though fully set forth herein.

8   98.   California law prohibits employers, such as Defendant PGM, from either intentionally creating

9         or knowingly permitting working conditions so intolerable or aggravated that at the time of an

10        employee's resignation a reasonable employer would realize that a reasonable person in the

11        employee's position would have felt compelled to resign.  Defendants and each of them violated

12        California law when they created and/or permitted working conditions alleged *supra* that forced

13        Plaintiff to resign.

14  99.   As a direct and proximate result of Defendants', and each of their, Plaintiff has suffered injury,

15        damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment,

16        severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage

17        which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven

18        at trial.

19  100.  Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and

20        oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and

21        evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award

22        of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were

23        carried out by supervising employees acting in a deliberate, callous and intentional manner in

24        order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for

25        punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount

26        to be proven in trial.

27  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

28

below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

(a)     That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

(b)     For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

(c)     For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct described herein;

(d)     For penalties, back pay, and/or other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

(e)     For costs and expenses of this litigation;

(f)     For reasonable attorneys' fees where appropriate;

(g)     For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and

(h)     For all such other relief as this Court deems just and appropriate.

Dated: _____                    Law Offices of Daniel Feder


                                                    _____/s/_____
                                                    DANIEL FEDER
                                                    Attorneys for Plaintiff,
                                                    DONALD WROTEN

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: _____                    Law Offices of Daniel Feder


                                                 _____/s/_____
                                                 DANIEL FEDER
                                                 Attorneys for Plaintiff,
                                                 DONALD WROTEN